PER CURIAM.
K.K.P., a child, challenges an adjudication of delinquency for escaping from a juvenile detention facility in violation of section 39.061, Florida Statutes (Supp. 1990). We reverse.
In L.V.M. v. State, 584 So.2d 225 (Fla. 1st DCA 1991), our sister court considered the same factual situation. In L.V.M., L.V.M. and the appellant in this case, along with others, were codefendants at the same adjudicatory hearing. At the conclusion of the hearing, the appellant was found guilty of committing a delinquent act by escaping from a juvenile detention facility with the other codefendants. The juvenile court transferred appellant’s case to Pinellas County for disposition. The appellant filed a timely notice of appeal from the final order entered in Pinellas County.
In L.V.M., the court found that the facts were not materially distinguishable from those presented in K.A.N. v. State, 582 So.2d 57 (Fla. 1st DCA 1991), and reversed L.V.M.’s adjudication and remanded with directions to discharge him. We agree with our sister court’s holding in that case, and accordingly, on the authority of K.A.N. and L.V.M. we reverse and remand with instructions to discharge the appellant on the escape charge.
Reversed and remanded.
SCHOONOVER, C.J., and DANAHY and FRANK, JJ., concur.